# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 8385 | **DATE** | 3/6/2002 |
| **CASE TITLE** | RUSSELL vs. UNIVERSITY OF ILLINOIS - CHICAGO, ET | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (50-1) in limine is granted.**

(11) ■ [For further detail see order attached to the original minute order.]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

HELEN L. RUSSELL,

    Plaintiff,

v.

BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS,

    Defendant.

No. 96 C 8385
Judge James B. Zagel



## MEMORANDUM OPINION AND ORDER

Defendant Board of Trustees of the University of Illinois (the "Board") seeks in its motion in limine before me to exclude all evidence related to Plaintiff Helen Russell's early retirement, including anything related to Russell's April 1993 application for early retirement, her June 1994 early retirement and any economic loss that Russell may seek to show is connected therewith. The Board seeks to preclude Russell from contending that the five-day suspension[1] Russell received in January 1993 caused her to apply for and take early retirement and further contending that any economic harm she sustained as a result of such early retirement flowed from such suspension.

The chronology of the events at issue is relevant in determining whether the early retirement evidence should be excluded. Russell is a former civil service employee who worked for the University of Illinois Hospital, a facility owned and operated by the Board, as an accountant from 1970 until she took early retirement in 1994. Between 1975 and July 1993,

---

[1] Obviously, Russell must first show that the five-day suspension was discriminatory.

Russell worked in the Hospital Finance Department with an Accountant II job classification; during the latter 18 months of her tenure in Hospital Finance, Russell was in the Reimbursement Division.

In July 1992, Thomas Margherone became the Associate Director of the Reimbursement Division and reported to the Director of Hospital Finance. Between July 1992 and July 1993, Margherone directly supervised four employees in the Reimbursement Division, including Russell.

In January 1993, Russell was suspended for five days without pay for an incident in connection with her time reporting on her Daily Time Reports. Margherone delivered Russell a suspension notice at the very end of a meeting held on January 7, 1993 at which Russell and others lodged a number of complaints against Margherone and his management style.

A predisciplinary hearing was held on January 15, 1993, and a group of five individuals, including Margherone, made the final decision on January 21, 1993 to suspend Russell. Russell filed an internal grievance challenging her suspension, which she took through various levels of appeal. Margherone had no decisionmaking role in those appeals. The decision was affirmed at each stage.

Russell believes that her suspension was discriminatory in nature and, as support, points to two males who did not receive a suspension under what Russell believes are comparable circumstances. Russell also contends that Margherone made a similar oversight and simply corrected his time sheet when it was called to his attention by his supervisor.

In April 1993, Russell submitted paperwork to apply for early retirement. She had a period of one year in which to withdraw her application. Three months later, in July 1993, Russell moved from her position in the Reimbursement Division to the Physical Plant.

Russell's move to the Physical Plant was a result of the exercise by Robert Jordan, another employee in Hospital Finance, and Russell of their "bumping rights" under the University Civil Service System. As a result of cost-cutting measures implemented by the hospital, Jordan's position was eliminated. Under the University Civil Service System, an employee such as Jordan can bump the least senior person in his or her job classification. Jordan and Russell were the only two employees with an Accountant II status in Hospital Finance in July 1993. As the senior employee, Jordan exercised his bumping rights to assume Russell's position in the Reimbursement Division. In turn, Russell exercised her bumping rights to acquire the position occupied by the least senior employee in her class campus-wide, which was in the Physical Plant.

After the transfer, Russell worked in the Physical Plant without incident for nine months. She took early retirement in April 1994.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *F.R. Evid.* 402. To receive damages for gender discrimination, a plaintiff must show that the damages she claims were caused by unlawful discrimination. *Townsend v. Indiana University,* 995 F.2d 691, 693 (7th Cir. 1993); *Tobey v. Extel,* 985 F.2d 330, 332-33 (7th Cir. 1993); *Place v. Abbott Laboratories, Inc.,* 1999 WL 301654, *15 (N.D. Ill. 1999). Thus, evidence about Russell's early retirement will be relevant if Russell can show a causal

3

relationship between her five-day suspension and her early retirement. For the following reasons, I find that the evidence of Russell's application for early retirement, her early retirement and any economic loss associated with her early retirement should be excluded.

It is crucial to this analysis that Russell's retirement was revokable for the year-long period prior to the effective date of her retirement. The Seventh Circuit has held that if a plaintiff's own subsequent actions break the causal link between the alleged discrimination and the damages she seeks, she is not entitled to recover. *See Place v. Abbott Laboratories, Inc.*, 1999 WL 301654. Three months after she submitted her early retirement papers, Russell was "bumped" and transferred to another part of the University. She had another nine months in which to revoke her retirement application. By Russell's own actions – or, rather, her not taking action – and failing to revoke the retirement papers, she broke any causal link between the alleged discrimination and her early retirement.

Russell points to *Tobey v. Extel* as identifying a number of factors to weigh when evaluating whether a causal link exists. 985 F.2d 330. These factors are whether the harassment was ongoing, whether the harasser apologized to the employee, whether the plaintiff's behavior was indicative that she was continually unsatisfied with the harasser and the plaintiff's motivation for resigning. *Id.* at 333.

I note, first, that these were the facts at issue in the *Tobey* case that the 7th Circuit evaluated and, as such, are simply indicative of the kinds of things that may be taken into account when evaluating whether a causal link exists. An evaluation of the pertinent facts here reveals that any causal link between the five-day suspension and Russell's retirement was broken when Russell failed to revoke her retirement decision during the nine months after her transfer to the

4

Physical Plant. Russell did not experience any residual effects from the suspension after she was transferred. Russell no longer reported to Margherone so any alleged harassment was no longer ongoing, she did not have any difficulty with the employees at the Physical Plant and there is no indication that her new supervisor held her suspension against her.

Further, assuming arguendo that the *Tobey* factors do show a causal link between the disciplinary suspension and Russell's decision to take early retirement (as contrasted with the effective date of her retirement), Russell had a duty to mitigate her damages. *Savino v. C.P. Hall Co.*, 199 F.3d 935, 935 (7th Cir. 1999). As discussed above, any residual effects that Russell may have experienced from the five-day suspension were no longer present after Russell's transfer to the Physical Plant and for the nine months she worked there until she retired. This nine-month period gave Russell ample opportunity during which to so mitigate.

For the foregoing reasons, defendant's motion in limine to exclude evidence regarding plaintiff's early retirement [50-1] is GRANTED and all evidence related to Russell's April 1993 application for early retirement, her June 1994 early retirement and any economic loss the Russell may seek to show is connected therewith shall be excluded.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: 6 March 2002

5